IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

JaKobe German,

                Plaintiff,

v.

Lt. Level, Lt. Parker, and Lt. Colbert,

                Defendants.

Case No.: 5:20-cv-1542-SAL

**OPINION AND ORDER**

This matter is before the Court for review of the March 31, 2021 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 86]. In the Report, the Magistrate Judge recommends that the motion to dismiss Defendant Parker, ECF No. 63, be granted. *Id.* The Magistrate Judge also recommends that Defendants Level and Colbert's motion for summary judgment, ECF No. 64, be denied as to the individual capacity claims and granted as to the official capacity claims. *Id.* Defendants filed timely objections to the portion of the Report recommending the partial denial of summary judgment on the individual capacity claims. [ECF No. 88]. Plaintiff did not file objections, nor did Plaintiff respond to Defendants' objections. On June 28, 2021, the undersigned issued an order pursuant to Federal Rule of Civil Procedure 56(e). The Court found there was not complete evidence in the record from Plaintiff to properly address Defendants' assertion that no genuine dispute of material fact exists as to the individual capacity claims. [ECF No. 91]. The Court gave Plaintiff an opportunity to supplement the record with material properly considered under Federal Rule of Civil Procedure 56(c). *Id.* Plaintiff was given until July 28,

1

2021, to supplement the record, but he did not respond. *Id.* For the reasons outlined herein, the Court adopts the Report in in part and declines the Report in part.

## BACKGROUND

In the Report, the Magistrate Judge set forth the background of this action thoroughly. The Court adopts this background without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments

---

[1] Defendants did not object to the Magistrate Judge's recitation of the background.

from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

I.   **The Court finds no clear error in the portions of the Report to which no specific objections were made.**

Defendants Level and Colbert object only to the portion of the Report that recommends the partial denial of summary judgment on Plaintiff's excessive force claims brought against Defendants Level and Colbert in their individual capacities. *See* [ECF No. 88 p.1]. No party objected to the Magistrate Judge's recommendations that (1) the motion to dismiss Defendant Parker should be granted and (2) summary judgment should be granted on the official capacity claims. Accordingly, the Court reviews these portions of the Report for clear error. *Staley*, 2007 WL 821181, at *1; *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47. After a thorough review of the Report, the applicable law, and the record of this case in accordance with the clear error standard, the Court finds no clear error, adopts these portions of the Report, and incorporates these portions of the Report by reference herein. The motion to dismiss Defendant Parker, ECF No. 63, is GRANTED. Defendants Level and Colbert's motion for

summary judgment, ECF No. 64, is GRANTED IN PART as to the claims against Defendants in their official capacities.

**II.    There is no genuine dispute of material fact as to the excessive force claims against Defendants Level and Colbert in their individual capacities.**

**A.  Defendants' objection to the Report**

Defendants Level and Colbert object to the portion of the Report that recommends the partial denial of summary judgment on Plaintiff's excessive force claims brought against these Defendants in their individual capacities.  [ECF No. 88, p.1].  Defendants[2] argue the Magistrate Judge improperly considered certain parts of the record as support for Plaintiff's factual positions. They maintain that Plaintiff "may not rely on allegations in its pleadings but must present *admissible evidence* to show the existence of genuine issues of material fact in dispute."  *Id.* at 2-3.  According to the Defendants, the Magistrate Judge erred in considering the allegations in the complaint and arguments in Plaintiff's memorandum in opposition to summary judgment because neither filing was verified.  *Id.* at 3.  Defendants argue the evidence in the record that may be properly considered for summary judgment is insufficient to create a genuine dispute of material fact regarding Plaintiff's excessive force claims against Defendants in their individual capacities. *Id.* at 3 ("In sum, contrary to the Magistrate Judge's discussion, the record is devoid of any *admissible evidence* under oath by the Plaintiff as to the two incidents in question.").

**B.  Supporting factual positions under Fed. R. Civ. P. 56**

Federal Rule of Civil Procedure 56(c) provides that a party asserting a fact is genuinely disputed can support the assertion by: "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

---

[2] Because Defendant Parker was dismissed in section I, *supra*, "Defendants" refers only to Level and Colbert in this section.

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The nonmoving party does not need to produce evidence in a form that would be admissible at trial to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Id.*

"The court and the parties have great flexibility with regard to the evidence that may be used on a [summary judgment] proceeding." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015) (alteration in original) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721 (3d ed.1998)), *as amended* (June 24, 2015). "The court may consider materials that would themselves be admissible at trial, and the content or substance of otherwise inadmissible materials where the 'the party submitting the evidence show[s] that it will be possible to put the information . . . into an admissible form.'" *Id.* (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed.2015)). However, unverified complaints and unsworn arguments are not evidence. *See, e.g., Workman v. Bodiford*, 2018 WL 6829015, *2 n.3 (D.S.C. 2018).

**C. The evidence in the record is insufficient to preclude summary judgment in favor of the Defendants.**

The Magistrate Judge concluded that genuine disputes of material fact exist on the individual capacity claims. In the Report, the Magistrate Judge notes that Defendants put forward significant evidence showing their use of force was reasonable and necessary under the circumstances:

> In support of their summary judgment motion, Defendants have submitted affidavits, incident reports, electronic minute entries, psychological progress notes, and restrictive housing documentation concerning Plaintiff and his behavior. *See* ECF Nos. 64-2 to 64-4. These documents indicate that on or about December 11, 2019, Plaintiff set fires inside his cell, threatened correctional officers, and threw unknown liquids at correctional officers. *See id*. These documents also describe that Plaintiff was moved into a no-contact cell due to his behavior on December 12, 2019. *See id*. Additionally, these documents describe Plaintiff's behavior at a disciplinary hearing on January 3, 2020, including threats Plaintiff made and his attempts to bite and spit at Defendant Level. *See id*. . . . Notably, Defendants Level and Colbert have thoroughly documented the events leading up to corrective action taken against Plaintiff, including the amount of force used against him.

[ECF No. 86, pp.7-8].

However, the Magistrate Judge went on to find that a jury question exists regarding whether Plaintiff posed a potential threat and whether the amount of force Defendants used against Plaintiff was reasonable.    [ECF No. 86, p.11].    The Magistrate Judge based this conclusion on representations in Plaintiff's memorandum in opposition to Defendants' motion for summary judgment.  *See* [ECF No. 86, p.8].  The relevant portion of the Report states:

> However, the undersigned must view this evidence in the light most favorable to Plaintiff. In his Response to the Summary Judgment Motion, Plaintiff represents that Defendants "used and applied excessive [] force without any provocation to warrant a[] controlling order." ECF No. 73-1 at 3. Further, he maintains that he "was not acting or creating a[] disturbance nor (sic) such actions by the [D]efendants warranted the officials egregious behavior when it was not a situation to calm." *Id*. Additionally Plaintiff indicates that his "conduct did not trigger the events that resulted to being (sic) assaulted, dragged down the stairs in the dormitory, busted lip from punches thrown by [D]efendants. . . ." *Id*. at 4. Moreover, Plaintiff represents that he was not disobeying any orders, *see id*. at 5, and he objects to the affidavits proffered by Defendants, *id*. at 6.

 [ECF No. 86, p.8].

As an initial matter, the Court finds Defendants' evidence sufficient to meet the initial burden of demonstrating to the Court that there is no genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The question before this Court—raised by Defendants'

6

objection—is whether Plaintiff responded with a sufficient showing on an essential element of his case. *See id.* The undersigned finds that he has not.

Unverified complaints and unsworn arguments are not evidence. *See, e.g., Workman v. Bodiford*, 2018 WL 6829015, *2 n.3 (D.S.C. 2018). Here, neither Plaintiff's complaint nor his memorandum in opposition to summary judgment is verified. Accordingly, the Court gave Plaintiff an opportunity to supplement the record pursuant to Federal Rule of Civil Procedure 56(e). Plaintiff failed to respond. That leaves Plaintiff with the materials in the record outside of his unverified complaint and opposition memorandum.

The Court finds that, based on the record before the Court, Plaintiff fails to make a sufficient showing on an essential element of his case. Defendants met their initial burden of putting forward evidence showing any alleged use of force was objectively reasonable under the circumstances. *See* [ECF Nos. 64-2, 64-3, 64-4]. To defeat this showing, Plaintiff must rely on the three evidentiary materials he submitted: (1) his own affidavit, [ECF No. 73-2]; (2) an email between an attorney and SCDC police services, [ECF No. 73-3]; and (3) an inmate grievance form, [ECF No.73-4].

Plaintiff alleges the incidents giving rise to his cause of action occurred on or about December 12, 2019, and again on January 3, 2020. [ECF No. 1, p.6]. Plaintiff's affidavit does not address either occurrence specifically. [ECF No. 73-2]. In his affidavit, Plaintiff only testifies that he utilized the inmate grievance system prior to filing suit and that Defendants failed to comply with discovery requests. *Id.* He also states that the discovery materials "would have proved not only was [he] assaulted but neglected because the defendants never provided medical care after the use of force per SCDC policy anytime force is used medical has to be called." *Id.* Nothing in this

affidavit provides "specific facts showing there is a genuine issue for trial" on the question of whether Defendants' alleged use of force was objectively reasonable under the circumstances.

The email exchange between the attorney and SCDC mentions both incidents. [ECF No. 73-3]. It states that "Mr. German has written to our office regarding incidents on 12/12/19 and 1/3/20 in the above referenced grievance where it is alleged he was beaten by CO's while in handcuffs and shackled, punched in the head and face, and dragged down a flight of stairs by the shackles." *Id.* The email goes on to request that the recipient preserve all relevant evidence. *Id.* While the email summarizes some of Plaintiff's accusations, it does nothing to contest the potential threat Plaintiff posed, nor does it specifically articulate facts showing any alleged use of force was not objectively reasonable under the circumstances.

Finally, Plaintiff's inmate grievance form details his allegations regarding the December 12, 2019 incident. [ECF No. 73-4]. The grievance form states that Lt. Parker "tricked" Plaintiff out of his cell by telling him he was going to the psychological clinic. *Id.* It then states that Plaintiff was told he would be moving cells. When Plaintiff refused, Parker repeatedly struck Plaintiff in the face. Plaintiff states that Defendant Colbert pulled him out of his chair by his restraints, Defendant Levels removed Plaintiff's uniform and thermal bottoms, then Levels and Colbert carried Plaintiff to his new cell. *Id.*

While this evidence might support an excessive force claim against Defendant Parker, Defendant Parker has been dismissed from this action for failure to effect service. As it relates to Defendants Colbert and Level, the grievance form simply alleges that, when Plaintiff refused to move cells, Defendants Colbert and Level pulled him out of his chair by his restraints, removed his uniform and thermal bottoms, and moved him to a new cell. Plaintiff fails to rebut the evidence that Plaintiff asked for a new jumpsuit and that he attempted to assault Parker. [64-2] (Level Aff.,

¶ 5). The grievance form provides no specific facts showing Plaintiff posed no potential threat and that the amount of force Defendants Level and Colbert used against Plaintiff was unreasonable.

At any rate, not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes *de minimis* uses of physical force, provided that use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The alleged actions of Colbert and Level do not rise to the level of physical force that gives rise to a federal cause of action under the circumstances.

Having considered the evidence in the record, the Court finds that Plaintiff fails to show a genuine dispute of material fact on his excessive force claims against Defendants Level and Colbert in their individual capacities. Accordingly, Defendants' motion for summary judgment, ECF No. 64, is GRANTED.

## CONCLUSION

After reviewing the portions of the Report to which no objection was made for clear error, the Court finds none and adopts these portions of the Report. After a *de novo* review of the portion of the Report to which Defendants objected, this Court's disposition is as follows. The Court adopts the Report in part and declines the Report in part. The motion to dismiss Defendant Parker, ECF No. 63, is GRANTED. Defendants Level and Colbert's motion for summary judgment, ECF No. 64, is GRANTED on all claims.


IT IS SO ORDERED.

                                                    /s/Sherri A. Lydon
August 3, 2021                                      Sherri A. Lydon
Florence, South Carolina                            United States District Judge


9